UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| EARL D. DOWTY, <br><br> Petitioner, <br><br> vs. <br><br> BRENT FLUKE, WARDEN; THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, <br><br> Respondents. | 3:24-CV-03001-RAL <br><br> OPINION AND ORDER SCREENING AND DISMISSING PETITION |

Petitioner Earl D. Dowty filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2012 state court convictions in Mellette County, South Dakota. Doc. 1.

I.   BACKGROUND FACTS

This is Dowty's fourth § 2254 petition challenging his 2012 state court convictions. Dowty filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 18, 2013. 13-CV-3032, Doc. 1.[1] This Court issued an Opinion and Order dismissing Dowty's initial § 2254 petition without prejudice for failure to exhaust state court remedies. 13-CV-3032, Doc. 26. On January 14, 2016, Dowty filed his second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. 16-CV-3003, Doc. 1. This Court dismissed Dowty's second § 2254 petition as time barred. 16-CV-3003, Doc. 14. Dowty filed his third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 10, 2017. 17-CV-3019, Doc. 1. This Court dismissed

---

[1] Citations to documents filed in the current case will use "Doc." followed by the document number in the CM/ECF system. Citations to documents in the CM/ECF system Dowty has filed in other cases in the District of South Dakota will specify the case number before the "Doc." cite.

Dowty's third petition as time barred and denied a certificate of appealability. 17-CV-3019, Doc. 5. The United States Court of Appeals for the Eighth Circuit denied Dowty's application for a certificate of appealability and dismissed his appeal. 17-CV-3019, Doc. 14.

Dowty contends that his fourth petition for writ of habeas corpus pursuant to 28 U.S.C. § 1983 is "under new U.S. Supreme Court law and new evidence." Doc. 1 at 4. Dowty attached to his petition two affidavits from Wayne C. Richards averring that he gave false statements to the state, the F.B.I., and the D.C.I. during the investigation of a burglary for which Dowty was convicted. Doc. 1-1 at 5–6. Based on pleadings Dowty submitted to the state habeas court, it appears he contends that the state trial court lacked jurisdiction to prosecute him based on McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). Id. at 10, 13.

## II.  DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

This Court's preliminary review, required by Rule 4, reveals Dowty's current § 2254 petition is a successive petition that this Court lacks jurisdiction to consider because Dowty did not obtain leave from the United States Court of Appeals for the Eighth Circuit before filing this petition.

Section 2244(a) states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of the court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2255(h) provides that a successive petition

must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

    (1)    newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Similarly, Rule 9 of the Rules Governing § 2254 in United States District Courts states, "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Liberally construing Dowty's current petition, his claim may rely on both of the narrow exceptions set forth in 28 U.S.C. § 2244(b)(2). But Dowty has not made any showing that he received permission from the United States Court of Appeals for the Eighth Circuit to file a successive writ of habeas corpus as required by 28 U.S.C. § 2244(b)(3)(A) and § 2255(h). Thus, this Court is without jurisdiction to consider Dowty's fourth petition for writ of habeas corpus. Burton v. Stewart, 549 U.S. 147, 157 (2007).

## III. CONCLUSION

Accordingly, for the reasons contained herein, it is hereby

ORDERED that Dowty's petition for writ of habeas corpus, Doc. 1, is dismissed without prejudice to Dowty obtaining a permission from the United States Court of Appeals for the Eighth Circuit to file a successive writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3)(A)

3

and § 2255(h).

DATED this 5th day of March, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

4